# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAUREN PITTS,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a foreign corporation; DOES I-X, and ROE ENTITIES I-X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-01248-APG-CWH<br><br>**ORDER REGARDING OBJECTIONS TO REMOVAL**<br><br>(ECF No. 8) |

Defendant Costco removed this case to federal court on May 3, 2017. Plaintiff Lauren Pitts now moves to remand the case to state court because Costco removed the case more than one year after commencement of the action. ECF No. 8. Costco opposes remand, alleging that Pitts delayed dismissing an improper entity and disclosing her alleged damages. ECF No. 11. Because Pitts did not act in bad faith to prevent removal, Costco's removal was untimely and I grant the motion to remand.

"A case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Costco alleges that Pitts's counsel agreed to dismiss non-diverse defendant Costco Wholesale International (CWI) on June 28, 2016, but waited until March 17, 2017 to sign a stipulation of dismissal. ECF No. 11 at 4. Pitts's counsel responds that the agreement to dismiss was conditioned on Costco providing an affidavit explaining CWI's role in the operations of the Costco branch; while Costco provided a draft affidavit, it never produced a signed affidavit. ECF No. 12 at 2. Costco waited over eight months to follow up on the stipulation to dismiss CWI.

Even if there is a dispute about the conditions attached to Pitts's agreement to dismiss CWI, it is undisputed that Costco did nothing to secure that dismissal between July 6, 2016 and March

17, 2017. ECF No. 11 at 9. If Costco felt Pitts was unnecessarily delaying execution of the stipulation to dismiss, Costco could have either moved to dismiss CWI or removed the case to this court by arguing that CWI was an unnecessary party that should be ignored for diversity purposes. Costco did neither and did nothing to protect or enforce its removal rights under 28 U.S.C. § 1446(c)(1). Nor has Costco shown that Pitts acted in bad faith to avoid removal.

Costco also argues that Pitts delayed producing evidence of higher damages until after the one-year removal deadline passed. But Pitts disclosed early on that she had been undergoing physical therapy and continued to do so; she also disclosed information about her future medical needs, including possible surgery. ECF Nos. 8 at 17; 12-1 (Exhs. 4, 7). Moreover, her treatment and surgery were delayed due to an intervening pregnancy. ECF No. 12 at 9-10. Costco has not demonstrated that Pitts delayed production of her damages evidence in bad faith in order to prevent removal.

IT IS THEREFORE ORDERED that this case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

Dated: July 27, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE